# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0404V
Filed: October 23, 2018
UNPUBLISHED

| | |
|---|---|
| ASHLEY LOFTIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner. Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On March 22, 2017, Ashley Loftis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") administered to her on October 1, 2015. Petition at 1-2. On August 15, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 32.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 1, 2018, petitioner filed an unopposed motion for attorneys' fees and costs.  ECF No. 36.[3]  Petitioner requests attorneys' fees in the amount of $21,880.50 and attorneys' costs in the amount of $1,354.41.  *Id.* at 1.  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $8.65 in out-of-pocket expenses.  *Id.* at 1.  Thus, the total amount requested is $23,243.56.

The respondent did not file a response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below

### I.  Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley,* 461 U.S. at 434.

### II. Attorney Fees

#### A. Billing Rates

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. ECF No. 36 at 2.

2

Attorney Danielle Strait billed 0.10 hours in 2016 at a rate of $306 per hour.  ECF No. 36-1 at 22. As is consistent with other cases in this program, Ms. Strait is awarded $300 per hour for work performed in 2016. This results in **a reduction of fees in the amount of $0.60**.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 5 hours[4] was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. The undersigned **reduces the request for attorney by $743.70**, the total amount of the duplicated entries.

### C. Duplicative Billing

Billing records show a line item on June 14, 2017, appears to have been duplicated in the billing entries. The entry is for 0.1 hrs and is listed as "Follow up with Piedmont Orthopaedic Associates to confirm receipt of records request and update case notes accordingly."  ECF No. 36-1 at 7.  The undersigned will **reduce the request for fees by $14.50**, the amount of the duplicated entry.

### III. Attorney Costs

On October 17, 2018 the undersigned filed an order requesting petitioner submit the receipts or invoices to support her request for attorney costs.  ECF No. 37.  Petitioner submitted the requested documents.  ECF No. 38.  The undersigned awards the requested amount of costs in full.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition

---

[4] Examples of these entries include: October 6, 2016 (0.1 hrs) "Process payment for records from Sports Spine & Industrial", October 11, 2016 (0.1 hrs) "Update file with correspondence from Sports Spine & Industrial", March 22, 2017 (0.10 hrs) "Receive notice of filed petition; update case file; ensure service copy to HHS", November 3, 2017 (0.10 hrs) "Review and organize correspondence with SSI Physical Therapy for records request", February 20, 2018 (0.20 hrs) "Review case file and re-organize damages materials and correspondences", and August 8, 2018 (0.1 hrs) "Receive UPS correspondence."  These entries are merely examples and are not exhaustive.  ECF No. 36-1 at 2-4, 7, 10-17 and 20.

3

from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,484.76[5] as follows:**

- **A lump sum of $22,476.11, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Amber Diane Wilson and check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236 and**

- **A lump sum of $8.65, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner and check be forwarded to Maglio Christopher & Toale, PA, 1775 Pennsylvania Ave, NW, Ste. 225, Washington, DC 20006.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.